UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 20-32558-dwh7 |
| | ) | |
| Pacific Education Corporation | ) | CHAPTER 7 |
| | ) | TRUSTEE'S INTERIM REPORT |
| Debtor(s) | ) | Number 2 |

The trustee, Kenneth S. Eiler, reports upon the financial condition of the estate and progress of its administration as follows:

| Estate Monies | Amounts Since Last Report | Total From Date Case Began Under Ch. 7 |
|---|---|---|
| 1. Receipts | $ 440,126.26 | $ 1,774,852.05 |
| Disbursements | $ 1,073,654.75 | $ 1,303,252.68 |
| BALANCE ON HAND | | $ 471,599.37 |

2. The following estate property has not yet been liquidated: the Trustee is collecting bi monthly payments on note receivables managed by Tuition Options and monthly payments from Asset Recovery on delinquent accounts. Those collections are expected to continue throughout 2023.

3. The trustee proposes to take the following action to liquidate the property mentioned in paragraph 2 (Do not include payments owing by the debtor, but not yet due): The Trustee will continue to monitor and process receivables from Tuition Options and Asset Recovery

4. The trustee expects to complete liquidation of the assets and file a final account (Give expected date or estimated period of time): in 2024.

5. The trustee believes the sum of $ 450,000.00 could be disbursed for interim compensation and administrative expenses and for a partial distribution to allowed claims without jeopardizing the viability of the estate.

6. The trustee expects to make a distribution to creditors (Give expected date or estimated period of time, or if stating "NONE" then also state reasons why not): The Trustee expects to make another interim distribution in December 2023

7. The Court has appointed the following professionals to perform duties in this case (Provide names and types of duties only if the persons have not received final compensation): Lane Powell PC, attorney for the Trustee; Bennington Moshofsky P.C., accountant for the Trustee, and Tuition Options and Asset Recovery as other professionals to collect and process receivables as noted above.

8. The trustee is currently obligated to pay a maximum of $ none for administrative expenses owed to non-professionals. [If case converted from Chapter 11 to 7] The maximum amount of all timely filed claims for Chapter 11 administrative expenses is $ na .

9. Additional comments: this interim report is being submitted to allow the Trustee to pay the interim Chapter 7 administrative claims of the Chapter 7 Trustee, Lane Powell PC, and Bennington Moshofsky P.C., and to disburse the balance of the funds requested, to allowed claims, so as to reduce the amount of bank fees assessed each month while the Trustee pursues recovery of the sums described in paragraph 2 above..

DATED: 11-9--22

/s/ Kenneth S. Eiler

753 (12/12/88)                                             Trustee