UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re
**Pacific Education Corporation**

Debtor(s)

Case No. **20-32558dwh7**
☐ Amended

**NOTICE OF INTENT TO COMPENSATE PROFESSIONAL**

1. The trustee or debtor in possession (DIP) filed an interim report (copy attached) showing total receipts of $ **1,774,852.05**, disbursements of $ **1,303,252.68**, and a balance on hand of $ **471,599.37**.

2. The interim report also shows this exact language in response to the following questions:

   a. A distribution to creditors is expected [*to be completed for chapter 7 cases; give the date or estimated time period, or, if stating "None," also state reasons why not*]:
   
   The Trustee will immediately pay the interim Chapter 7 administrative claims of the Chapter 7 Trustee and Bennington & Moshofsky P.C. in the amounts requested, and then disburse the remaining $423,973.75 to holders of allowed claims. The Trustee expects to make another interim distribution in December 2023.

   b. The trustee or DIP is currently obligated to pay a maximum of $ **none** for administrative and operating expenses owed to non-professionals. [*If case converted from chapter 11 to 7*] The maximum amount of all timely filed claims for chapter 11 administrative expenses is $ **na**.

   c. The trustee or DIP believes the sum of $ **$450,000.00** could be disbursed for compensation and administrative expenses and for partial distribution to holders of allowed claims at this time without jeopardizing the viability of the estate.

3. The following application(s) for interim compensation have been filed by professionals appointed by the court to perform services for the estate:

| Applicants [*state profession and relation to case*] | Compensation | Expenses |
|---|---|---|
| **Kenneth S. Eiler, Chapter 7 Trustee** | **$18,720.00** | **$0** |
| **Bennington & Moshofsky, P.C.** | **$7,289.00** | **$17.25** |

753.40 (12/1/2021)  Page 1 of 2

4. The party giving notice certifies the information in paragraphs 1-3 is true and correct.

**NOTICE IS GIVEN** that unless an interested party files a written objection to any application listed above, setting forth the specific grounds for the objection, within 21 days of the service date below, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401, the court may, if a proposed compensation order is submitted to it with this notice and a verified statement that no objections were filed attached to the order, sign the order without further notice or a hearing. You may contact the party giving notice if you have further questions.

| | | |
|---|---|---|
| **11/14/2022** | **David W. Criswell** | **503-778-2100** |
| Date | Name of Party Giving Notice | Phone # |

**Lane Powell PC, 601 SW Second Ave., Ste. 2100, Portland, OR 97204**
Address

_____

[*If notice given on behalf of DIP*] DIP's Address & Last 4 Digits of Tax ID#

I certify that, if required by FRBP 2002(a)(6), on **11/14/2022**, the interim report and this notice were served on the debtor(s), any trustee, U.S. trustee, all creditors (or if FRBP 2002(h) applies, only on each entity that is listed in FRBP 2002(h)), and their attorneys; and any application(s) for interim compensation were served on the debtor(s), any creditor's committee, and their attorneys. A list of the names, addresses, and methods for service on all parties served using paper is attached. The notice served on creditors did not include the attachment, but any creditor may obtain a copy of the attachment upon request.

**/s/ David W. Criswell**
Signature of Party Giving Notice

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. 20-32558-dwh7
)
Pacific Education Corporation ) CHAPTER 7
) TRUSTEE'S INTERIM REPORT
Debtor(s) ) Number 2

The trustee, Kenneth S. Eiler, reports upon the financial condition of the estate and progress of its administration as follows:

| Estate Monies | Amounts Since Last Report | Total From Date Case Began Under Ch. 7 |
|---|---|---|
| 1. Receipts | $ 440,126.26 | $ 1,774,852.05 |
| Disbursements | $ 1,073,654.75 | $ 1,303,252.68 |
| BALANCE ON HAND | | $ 471,599.37 |

2. The following estate property has not yet been liquidated: the Trustee is collecting bi monthly payments on note receivables managed by Tuition Options and monthly payments from Asset Recovery on delinquent accounts. Those collections are expected to continue throughout 2023.

3. The trustee proposes to take the following action to liquidate the property mentioned in paragraph 2 (Do not include payments owing by the debtor, but not yet due): The Trustee will continue to monitor and process receivables from Tuition Options and Asset Recovery

4. The trustee expects to complete liquidation of the assets and file a final account (Give expected date or estimated period of time): in 2024.

5. The trustee believes the sum of $ 450,000.00 could be disbursed for interim compensation and administrative expenses and for a partial distribution to allowed claims without jeopardizing the viability of the estate.

6. The trustee expects to make a distribution to creditors (Give expected date or estimated period of time, or if stating "NONE" then also state reasons why not): The Trustee expects to make another interim distribution in December 2023

7. The Court has appointed the following professionals to perform duties in this case (Provide names and types of duties only if the persons have not received final compensation): Lane Powell PC, attorney for the Trustee; Bennington Moshofsky P.C., accountant for the Trustee, and Tuition Options and Asset Recovery as other professionals to collect and process receivables as noted above.

8. The trustee is currently obligated to pay a maximum of $ none for administrative expenses owed to non-professionals. [If case converted from Chapter 11 to 7] The maximum amount of all timely filed claims for Chapter 11 administrative expenses is $ na .

9. Additional comments: this interim report is being submitted to allow the Trustee to pay the interim Chapter 7 administrative claims of the Chapter 7 Trustee, Lane Powell PC, and Bennington Moshofsky P.C., and to disburse the balance of the funds requested, to allowed claims, so as to reduce the amount of bank fees assessed each month while the Trustee pursues recovery of the sums described in paragraph 2 above..

DATED: 11-9--22

/s/ Kenneth S. Eiler
753 (12/12/88)                                                                                  Trustee